

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BUTTE DIVISION

| | |
|---|---|
| James F. Turner, Trustee of The James Frederick Turner, Jr. Revocable Trust and Barbara B. Turner, Trustee of the Barbara Bird Turner Revocable Trust,<br><br>Plaintiffs,<br><br>vs.<br><br>The PRG Group, LLC,<br><br>Defendants. | No. CV 16-54-BU-SEH<br><br>**ORDER** |

Pending before the Court is a Stipulation to Extend Time to Answer to and including January 2, 2017.

Diversity jurisdiction is claimed.[1] However, the requisite diversity of citizenship necessary to establish diversity jurisdiction is not pleaded.

Diversity of citizenship jurisdiction, if it exists, must be grounded in 28 U.S.C. § 1332. That statute provides in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> (1) Citizens of different States;

28 U.S.C. § 1332 (a)(1).

It is fundamental that federal jurisdiction cannot be presumed. The diversity statute requires complete diversity of citizenship between all plaintiffs and all defendants. 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 102.12, at 102-28 (3d ed. 2016). It is to be strictly construed. *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63 (1941). Plaintiffs, as the party asserting jurisdiction, have the burden of proving such jurisdiction exists. *Lew v. Moss*, 797 F.2d 747 (9th Cir. 1986).

"[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th

---

[1] Doc. 1 at ¶ 4.

Cir.1998). Here, Plaintiffs fail to allege the citizenship of Defendant's members. It is thus impossible for the Court to determine whether complete diversity exists.

Fed. R. Civ. P. 12(h)(3) and case law provide that a party, or the court on its own initiative, may raise lack of subject-matter jurisdiction issues at any stage in the litigation, even after the trial and judgment entry. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).

ORDERED:

1. This case will be dismissed on December 13, 2016, unless Plaintiffs file an amended pleading properly alleging jurisdiction on or before that date.

2. The Stipulation to Extend Time to Answer[2] is DENIED as MOOT.

DATED this 5th day of December, 2016.

SAM E. HADDON
United States District Court

---

[2] Doc. 3.